CDF LABOR LAW LLP
  Dawn M. Irizarry, State Bar No. 223303
    dirizarry@cdflaborlaw.com
  Nicole A. Legrottaglie, State Bar No. 271416
    nlegrottaglie@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Defendant
Delta Air Lines, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SPEED,<br><br>        Plaintiff,<br>    vs.<br><br>DELTA AIR LINES, INC., a Delaware Corporation; and DOES 1 through 50 Inclusive,<br><br>        Defendant. | Case No. 2:24-cv-8687 TJH (MARx)<br><br>(Removed From Los Angeles Superior Court Case No. 24TRCV02879)<br><br>Assigned for All Purposes To:<br>Judge: Hon. Terry J. Hatter, Jr.<br>Ctrm: 9C<br><br>**DEFENDANT DELTA AIR LINES INC.'S MEMORANDUM OF POINTS AND AUTHORITIES FOR MOTION FOR RULE 11 SANCTIONS**<br><br>Date: June 2, 2025<br>Time: No Appearance Necessary<br>Ctrm: 9C |

DEFENDANT'S MPA FOR MTN RULE 11 SANCTIONS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................5

II. FACTUAL BACKGROUND .........................................................................5

    A. Plaintiff is a Citizen of California ......................................................5

    B. Delta is a Citizen of Delaware and Georgia.......................................5

    C. Delta Properly and Timely Removed this Action Pursuant to 29 U.S.C. § 1332(a) ........................................................................5

III. RULE 11 SANCTIONS ARE WARRANTED BECAUSE PLAINTIFF HAS NO LEGAL BASIS FOR SEEKING REMAND ..........................................................................................................6

    A. Legal Standard ....................................................................................6

    B. Plaintiff's Arguments for Remand are Frivolous and Unsupported by Law ..........................................................................7

        1. Plaintiff ignores controlling precedent for determining corporate citizenship.................................................7

    C. Plaintiff and Her Counsel Must Be Sanctioned Under Rule 11 ........................................................................................................9

IV. CONCLUSION .............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ali v. Mid-Atl. Settlement Servs., Inc.*
   233 F.R.D. 32 (D.D.C.) .................................................................................. 9

*Ali v. Tolbert*
   636 F.3d 622 (D.C. Cir. 2011) ....................................................................... 9

*Baker v. Wells Fargo Bank, N.A.*
   2017 WL 1353749 (E.D. Cal. Apr. 12, 2017) ............................................. 10

*Border Infrastructure Env't Litig.*
   284 F. Supp. 3d 1092 n. 30 (S.D. Cal. 2018) ................................................ 7

*Border Infrastructure Env't Litig.*
   915 F.3d 1213 (9th Cir. 2019) ....................................................................... 7

*Cooter & Gell v. Hartmarx Corp.*
   496 U.S. 384 (1990) ...................................................................................... 6

*Cowan v. Baydelta Mar., Inc.*
   (No. C 09-5055 SI, 2010 WL 743929 (N.D. Cal. Mar. 1, 2020) .................. 8

*Cowan v. Baydelta Mar., Inc.*
   No. C 10-05346 SBA, 2011 WL 1324463 (N.D. Cal. Apr. 6, 2011) ........... 8

*Hertz Corp. v. Friend*
   559 U.S. 77 (2010) ........................................................................................ 8

*International Shoe Co. v. Washington*
   326 U.S. 310 (1945) ...................................................................................... 8

*Margo v. Weiss*
   213 F.3d 55 (2d Cir. 2000) ............................................................................ 7

*Schutts v. Bentley Nevada Corp.*
   966 F.Supp. 1549 (D. Nev. 1997) ............................................................... 10

*Szabo Food Service, Inc. v. Canteen Corp.*
   823 F.2d 1073 (7th Cir. 1987) ....................................................................... 8

**Federal Statutes and regulations**

28 U.S.C. *Section* 1331 ......................................................................................... 9

28 U.S.C. *Section* 1332(a) ............................................................................ passim

**Federal Rules**

*Federal Rules of Civil Procedure* 11 ....................................................... 6, 7, 9, 10

## **TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Federal Rules of Civil Procedure* 11(b) ................................................................. 6, 7

*Federal Rules of Civil Procedure* 11(b)(2) ............................................................. 5, 7

*Federal Rules of Civil Procedure* 11(c) ...................................................................... 7

*Federal Rules of Civil Procedure* 11(c)(2) ................................................................. 9

*Federal Rules of Civil Procedure* 11(c)(4) ................................................................. 9

# I. INTRODUCTION

Plaintiff Cynthia Speed ("Plaintiff"), a citizen of California, filed this action against her former employer, Delta Air Lines, Inc. ("Delta"), in Los Angeles Superior Court alleging claims under the California Fair Employment Housing Act ("Action"). Delta, a citizen of Georgia and Delaware, properly and timely removed this Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Five months later, Plaintiff filed a Motion to Remand. As set forth in Delta's Opposition to Plaintiff's Motion for Remand (Doc. #12), Plaintiff's Motion to Remand is frivolous and not warranted by existing law. Plaintiff and her counsel should be sanctioned under Rule 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, . . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument").

# II. FACTUAL BACKGROUND

**A.    Plaintiff is a Citizen of California.**

Plaintiff, a resident of California, was employed by Delta at Los Angeles Airport ("LAX") from September 18, 2017 through May 10, 2023. (Doc. #1, Complaint ¶¶ 3, 8, 26; Doc. #1, Declaration of Lauren Owens ("Owens Decl.") ¶ 3).

**B.    Delta is a Citizen of Delaware and Georgia.**

Delta is a corporate entity incorporated under the laws of the State of Delaware, with its principal offices located in the State of Georgia; specifically, at 1030 Delta Boulevard, Atlanta, GA 30354-1989. (Doc. #1, Owens Decl. ¶¶ 4-5).

**C.    Delta Properly and Timely Removed this Action Pursuant to 29 U.S.C. § 1332(a).**

Plaintiff commenced this action on or about August 27, 2024 by filing a Complaint in Los Angeles Superior Court alleging claims for: (1) wrongful

suspension and termination in violation of public policy, (2) wrongful termination in violation of an implied employment agreement, (3) workplace harassment in violation FEHA, (4) workplace discrimination in violation of FEHA, (5) retaliation in violation of FEHA, (6) failure to prevent harassment, discrimination and/or retaliation in violation of FEHA, and (7) failure to provide a workplace environment free from harassment, discrimination and/or retaliation in violation of FEHA (the "Action"). (*See* Doc. #1, Complaint).

On October 9, 2024, Delta timely filed its Notice of Removal, removing the Action to federal court pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship). (Doc. #1). On February 14, 2025, Plaintiff sent a meet and confer letter regarding his intent to seek remand. (*See* Declaration of Nicole A. Legrottaglie ("Legrottaglie Decl."), ¶2, Ex. A.) On February 24, 2025, Delta responded to Plaintiff's meet and confer. (Legrottaglie Decl., ¶3, Ex. B.) Over five months after this Action was removed to this Court, on March 4, 2025, Plaintiff filed a belated Motion to Remand falsely arguing that the parties are not diverse. (Doc. #12).

## III. <u>RULE 11 SANCTIONS ARE WARRANTED BECAUSE PLAINTIFF HAS NO LEGAL BASIS FOR SEEKING REMAND</u>

### A. <u>Legal Standard.</u>

Rule 11(b) of the Federal Rule of Civil Procedure provides in pertinent part that an attorney who presents to the Court a motion "certifies… to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances" that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions **are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11 (emphasis added). "An attorney who signs the paper without such a substantiated belief shall be penalized by an appropriate sanction." *Cooter & Gell v. Hartmarx Corp*. 496 U.S. 384, 392

(1990). Whether the certification is violated is tested objectively. *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000) Rule 11(b)(2) establishes an objective standard that is designed to eliminate any "empty-head pure heart" justification for patently frivolous arguments).

If the Court determines that an attorney has violated Rule 11(b), the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

**B.    Plaintiff's Arguments for Remand are Frivolous and Unsupported by Law.**

Although Plaintiff's Motion to Remand concedes that Delta's principal place of business is in Georgia and that Delta is incorporated in Delaware, Plaintiff argues that this matter should be remanded based on two flawed legal arguments. (*See* Doc. #12 at pg. 1). First, Plaintiff argues that the parties lack diversity based on Delta's "presence and operations in California," which Plaintiff argues creates sufficient contacts to affirm California state jurisdiction. *Id.*. Second, Plaintiff seemingly argues that because many of her claims arise under the FEHA, the California courts have exclusive jurisdiction over this matter. *Id.* at pp. 3-5. Both arguments are fundamentally flawed and lack legal support.[1]

    **1.    Plaintiff ignores controlling precedent for determining corporate citizenship.**

In her Motion to Remand, Plaintiff conflates the legal standard for personal jurisdiction and corporate citizenship by arguing that Plaintiff and Delta are not diverse under 28 U.S.C. § 1332(a). Indeed, while Plaintiff concedes that Delta's

///

---

[1] Plaintiff's Motion to Remand does not address (and therefore concedes) that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).[1] S*ee In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d 1092, 1141 n. 30 (S.D. Cal. 2018), aff'd, 915 F.3d 1213 (9th Cir. 2019) (declining to address plaintiff's void-for-vagueness challenge, an issue absent from plaintiff's moving brief).

principal place of business is in Georgia and that Delta is incorporated in Delaware, Plaintiff nevertheless argues that Delta has sufficient "minimum contacts" to affirm state court jurisdiction. (Doc. #12 at p. 5). The "minimum contacts" test is not the appropriate test to determine the citizenship of a corporate defendant. It is the test that is used to assert personal jurisdiction over an entity. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Plaintiff's reliance on the seminal case regarding personal jurisdiction (*International Shoe Company v. Washington*, 326 U.S. 310 (1945)) is misplaced. The landmark case *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), sets forth the proper legal standard for determining corporate citizenship. As the U.S. Supreme Court held in *Hertz Corp.*, the phrase "principal place of business" means the place where a corporation's board and high-level officers direct, control and coordinate its activities." *Hertz. Corp.*, *supra*, at 81. Notably, Plaintiff cites to *Hertz Corp.* throughout her motion but nevertheless attempts to evade federal jurisdiction by citing to the wrong legal standard. Plaintiff's gamesmanship and intentional reliance on the improper legal standard is sanctionable as a matter of law. *See Szabo Food Service, Inc. v. Canteen Corp*. 823 F.2d 1073, 1081 (7th Cir. 1987) ("[t]he ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist" is sanctionable).

      Plaintiff also makes the curious assertion that this Action should be remanded because "Plaintiff's claims arise exclusively under the California Fair Employment and Housing Act." (Doc. #12 at pg. 4). Plaintiff relies on inapplicable case law to support her frivolous argument to remand. Specifically, Plaintiff cites to *Cowan v. Baydelta Mar., Inc.*;[2] however, the legal issue in *Cowan* had nothing to do with diversity jurisdiction, but instead addressed whether the court had federal *original*

///

---

[2] In the Motion, Plaintiff's provides an incorrect citation for *Cowan v. Baydelta Mar., Inc*. (No. C 09-5055 SI, 2010 WL 743929 (N.D. Cal. Mar. 1, 2020)). Delta assumes that Plaintiff is referring to *Cowan v. Baydelta Mar., Inc*., No. C 10-05346 SBA, 2011 WL 1324463 (N.D. Cal. Apr. 6, 2011) due to both the nature of the legal issues raised therein and the case name.

jurisdiction, a completely different doctrine than what is at issue here. In fact, diversity jurisdiction was not an issue in *Cowan* because the Plaintiff-employee and Defendant-employer in that case were not diverse as both were alleged to have been residents of California. *Id.*

At minimum, Plaintiff's reliance on an inapposite case demonstrates failure to conduct a reasonable inquiry into the facts and well-settled law before filing the Motion to Remand. Because this matter was removed based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a), as opposed to federal question jurisdiction under 28 U.S.C. §1331, the presence of state law claims does not impact whether this Action was properly removed to federal court and it does not provide a basis for remand. Because Plaintiff's legal arguments are objectively unreasonable, Rule 11 sanctions are appropriate. *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32 (D.D.C.), *amended on reconsideration*, 235 F.R.D. 1 (D.D.C. 2006), *vacated sub nom. Ali v. Tolbert*, 636 F.3d 622 (D.C. Cir. 2011) ("whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim").

### C. Plaintiff and Her Counsel Must Be Sanctioned Under Rule 11.

On April 3, 2025, Delta provided Plaintiff notice of its intent to file this motion for sanctions and provided Plaintiff with an opportunity to cure the issues and concerns identified herein and in accordance with Rule 11(c)(2). (*See* Legrottaglie Decl., ¶4.). Plaintiff did not respond to that correspondence nor has she withdrawn her Motion for Remand. (*Id.* at 5.) Rule 11- and its monetary sanctions provisions- is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless findings. "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include… an order to pay a penalty into the court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

As stated above, sanctions are warranted because Plaintiff had no legal basis for seeking remand. Plaintiff failed to conduct an "objectively reasonable inquiry" into the applicable law. *See Schutts v. Bentley Nevada Corp.*, 966 F.Supp. 1549, 1560-61 (D. Nev. 1997) (Rule 11 sanctions warranted against plaintiff for filing complaint with ADA claim that was not well-grounded in fact, warranted by existing law, or supported by any good faith argument for extension or reversal of existing law); *see also Baker v. Wells Fargo Bank, N.A.*, 2017 WL 1353749, at 4 (E.D. Cal. Apr. 12, 2017) (sanctions awarded because motion to remand caused unnecessary delay and presented claims not warranted by existing law.)

Plaintiff and her counsel must be sanctioned for pursuing a clearly frivolous motion which lacks legal foundation and is inconsistent with existing (and longstanding) case law regarding diversity jurisdiction under 28 U.S.C. §1332(a).

## IV.   CONCLUSION

As a result of Plaintiff's blatant violation of Rule 11, Delta respectfully requests that this Court sanction Plaintiff and her counsel, in a manner that will deter from future violations of Rule 11.

Dated:  April 29, 2025        CDF LABOR LAW LLP

By: _____
Nicole A. Legrottaglie
Attorneys for Defendant
Delta Air Lines, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On April 29, 2025, I served upon the interested party(ies) in this action the following document described as: **DEFENDANT DELTA AIR LINES INC.'S MEMORANDUM OF POINTS AND AUTHORITIES FOR MOTION FOR RULE 11 SANCTIONS**

By the following method:

Phillip P. DeLuca, Esq.
LAW OFFICES OF PHILLIP P. DeLUCA
5820 E. Naples Plaza,
Belmon Shore, CA 90803
Tel: (562) 987-1300

E-MAIL: philippdeluca@gmail.com;
cc: jrs@philipdeluca.com; dbd@philipdeluca.com; grl@philipdeluca.com

For processing by the following method:

[X] **(via FRCP)** Pursuant to FRCP Rule 5(b)(2)(E), I caused the documents to be sent to the persons at the electronic service addresses listed above pursuant to the parties' agreement to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 29, 2025, at Irvine, California.

_____             _____
    Ana Cantoran                                    (Signature)
  (Type or print name)