JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| CYNTHIA SPEED, | CV 24-08687 TJH (MARx) |
|     Plaintiff, | |
| v. | Order |
| DELTA AIR LINES INC., | |
|     Defendant. | |

      The Court has considered Plaintiff Cynthia Speed's motion to remand [dkt. #12], and Delta Airlines Inc's motion for sanctions [dkt. #18], together with the moving and opposing papers.

      On January 29, 2023, Plaintiff Cynthia Speed, a Delta Airlines Inc., ["Delta"] manager at the Los Angeles International Airport ["LAX"], had an encounter with a passenger – Jasmyn Rose – who attempted to board a flight with a folding wagon. When Speed approached Rose, Rose, allegedly, shouted racial slurs and profanities and, then, purposefully ran over Speed's foot with the wagon. Allegedly, the wagon, which held

two children and luggage, weighed 160 pounds.  Thereafter, Delta suspended Speed for blocking Rose's movement.  On May 9, 2023, Delta terminated Speed.

On August 27, 2024, Speed filed this case in the Los Angeles County Superior Court, asserting claims for violations of the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et al.*, for, *inter alia*, wrongful termination, harassment and retaliation.  On October 9, 2024, Delta removed based on diversity.

Speed, now, moves to remand, and Delta, now, moves for sanctions against Speed for filing her motion to remand.

**Local Rules**

As a preliminary matter, both Speed and Delta failed to comply with Local Rule 7-3, which requires that, if no resolution is found in the required pre-motion meeting of counsel, the notice of motion must include a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Additionally, both Speed and Delta failed to comply with Local Rule 11-6.2, which requires that any memorandum, except those which are handwritten, include on the last page of the document, a certificate that the document complies with the word count limitation of L.R. 11-6.1.

**Motion to Remand**

In her motion to remand, Speed challenged the appropriateness of Delta's removal based on diversity jurisdiction.  Though Speed's challenge was not artfully stated, it was a sufficient challenge to shift the burden to Delta.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If there are any doubts as to Delta's right to remove, this case must be remanded.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Challenges to subject matter jurisdiction may be facial or factual.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).  Speed's factual attack, here, challenged the truth of the jurisdictional statements made by Delta in its notice of

removal, and triggered Delta's burden, here, to produce evidence that establishes that the Court has subject matter jurisdiction over this case. *See NewGen*, 840 F.3d at 614. That evidence must be admissible evidence that meets the "same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A declaration proffered to establish jurisdictional facts must be based on personal knowledge and provide sufficient details to establish a sufficient foundation showing that the declarant is competent to testify on the matters stated. *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

In its notice of removal, Delta asserted that federal jurisdiction is proper because of complete diversity. To support its removal, Delta attached to its notice of removal a declaration from Lauren Owens, who declared that she is a "Human Resources Manager" tasked with "providing Human Resources support to the Airport Customer Service & Cargo departments at Los Angeles Airport." Owens declared that Delta is incorporated in Delaware, and its "principal business offices" are located in the state of Georgia, where "most of Delta's corporate decisions" are made, where "most administrative functions crucial to Delta's day-to-day operations" take place, and where "operational, executive, administrative, and policymaking decisions" occur. Owens, also, declared that Delta does not maintain any "central administrative offices in the state of California" and "none of Delta's leadership directs, controls, or coordinates activities throughout the United States from California." Owens declared that the facts in the declaration are "based on personal knowledge or review of Delta business records."

For purposes of diversity jurisdiction, pursuant to 28 U.S.C.A. § 1332(c), a corporation is deemed to be a citizen of its state of incorporation, and, the state where it has its principal place of business, if its principal place of business is in a different state than where it is incorporated. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's principal place of business is the location of its nerve center. *Hertz Corp.* 559 U.S. at 92-93. The nerve center is where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp.* 559 U.S. at 92-93. A corporation's

"nerve center" is a singular place, meaning that citizenship for a corporation can be established in a maximum of two states concurrently. *See Hertz Corp.* 559 U.S. at 92-95.

While Speed did not challenge Delta's assertion that it is incorporated in Delaware, she did challenge Delta's assertion that it is a citizen of Georgia by introducing facts about Delta's business involvement in California. Delta provided no evidence in its opposition to the motion to remand and merely referred the Court to Owens's declaration attached to the notice of removal.

A declaration must be made on personal knowledge, show that the declarant is competent to testify on the matters declared, and set out facts that would be admissible in evidence. *Norse* 629 F.3d at 973. Owens's declaration failed to establish that she is competent to testify on all of the matters declared. *See Norse* 629 F.3d at 973. Based on the declaration, Owens's scope of employment is "Human Resources support." There was nothing in the declaration to establish how or why Owens is competent to testify as to the location of Delta's "operational, executive, administrative, and policymaking decisions," "most of Delta's corporate decisions," or "most administrative functions crucial to Delta's day-to-day operations."

Federal courts are presumed to lack jurisdiction, "unless the contrary appears affirmatively from the record." *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993). Because there is no affirmative evidence establishing why, or how, Owens is qualified to testify on the matters declared, the declaration fails to meet the requisite standards set forth by *Norse* and does not establish Delta's citizenship. *See Norse* 629 F.3d at 973.

**Motion for Sanctions**

Delta moved for sanctions against Speed under Fed. R. Civ. P. 11. Because the motion to remand will be granted, the motion for sanction will be denied as moot.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to remand be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

It is further Ordered that the motion for sanctions be, and hereby is, Denied as moot.

Date: July 18, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge